21-56039

IN THE UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**RUSSELL FOUTS, et al.,**

    Plaintiffs-Appellants,

v.

**ROB BONTA, in his official capacity as Attorney General of the State of California,**

    Defendant-Appellee.

On Appeal from the United States District Court
for the Southern District of California

No. 3:19-cv-01662-BEN-JLB
The Honorable Roger T. Benitez, District Judge

**MOTION TO VACATE AND REMAND FOR
FURTHER PROCEEDINGS**

| | |
|---|---|
| ROB BONTA<br>Attorney General of California<br>THOMAS S. PATTERSON<br>Senior Assistant Attorney General<br>P. PATTY LI<br>Supervising Deputy Attorney General | JOHN D. ECHEVERRIA<br>Deputy Attorney General<br>State Bar No. 268843<br> 455 Golden Gate Avenue, Suite 11000<br> San Francisco, CA 94102-7004<br> Telephone: (415) 510-3479<br> Fax: (415) 703-1234<br> Email: John.Echeverria@doj.ca.gov<br>*Attorneys for Defendant-Appellee Rob Bonta, in his official capacity as Attorney General of the State of California* |

# TABLE OF CONTENTS

                                                                **Page**

Introduction ................................................................................................ 1

Procedural History .................................................................................... 3

Argument .................................................................................................. 5

      I.     *Bruen* Altered the Legal Standard for Analyzing Second Amendment Claims .................................................................. 5

      II.    The Court Should Vacate the Judgment and Remand the Case to the District Court to Apply *Bruen* in the First Instance ................................................................................... 9

Conclusion ............................................................................................... 13

Certificate of Compliance ....................................................................... 15

# TABLE OF AUTHORITIES

                                      **Page**

**CASES**

*Ali v. Gonzales*
    421 F.3d 795 (9th Cir. 2005) .................................................................. 13

*District of Columbia v. Heller*
    554 U.S. 570 (2008) ............................................................................. 6, 8

*Fouts v. Bonta*
    561 F. Supp. 3d 941 (S.D. Cal. 2021) ............................................. 4, 9, 10

*Heller v. District of Columbia*
    670 U.S. 1244 (D.C. Cir. 2011) ...................................................... 7, 11, 12

*Jackson v. City & Cty. of San Francisco*
    746 F.3d 953 (9th Cir. 2014) ....................................................................6

*Martinez v. Villanueva*
    9th Cir. No. 20-56233 (July 6, 2022) ................................................. 3, 13

*McDonald v. City of Chicago*
    561 U.S. 742 (2010) ......................................................................... 6, 8, 12

*McDougall v. Cty. of Ventura*
    9th Cir. No. 20-56220 (June 29, 2022) ............................................... 2, 13

*Miller v. Bonta*
    No. 21-55608 (Aug. 1, 2022) .............................................................. 3, 13

*New York State Rifle & Pistol Ass'n v. Bruen*
    142 S. Ct. 2111 (2022) ..................................................................... *passim*

*Oakland Tactical Supply, LLC v. Howell Twp.*
    No. 21-1244, 2022 WL 3137711 (6th Cir. Aug. 5, 2022) ........................ 13

*Rupp v. Bonta*
    9th Cir. No. 19-56004 (June 28, 2022) ............................................... 2, 12

# TABLE OF AUTHORITIES
## (continued)

**Page**

*Sibley v. Watches*
   2022 WL 2824268 (2d Cir. July 20, 2022) ............................................. 13

*Silvester v. Harris*
   843 F.3d 816 (9th Cir. 2016) ................................................................... 11

*Taveras v. New York City*
   No. 21-398, 2022 WL 2678719 (2d Cir. July 12, 2022) ......................... 13

*Young v. Hawaii*
   992 F.3d 765 (9th Cir. 2021) ............................................................... 4, 9

**STATUTES**

California Penal Code
   § 22210 ............................................................................................ 1, 3, 4

**CONSTITUTIONAL PROVISIONS**

United States Constitution
   Second Amendment ......................................................................... *passim*
   Fourteenth Amendment ...................................................................... 3, 11

# INTRODUCTION

In *New York State Rifle & Pistol Ass'n v. Bruen*, 142 S. Ct. 2111 (2022), the Supreme Court announced a new framework for analyzing Second Amendment claims. In lieu of the "two-step test" that this Court and most other federal courts of appeals had adopted for resolving those claims, *Bruen* held that courts must apply a standard "rooted in the Second Amendment's text, as informed by history." *Id.* at 2126–2127. The Court also provided important guidance about how that test should be applied. *See id.* at 2131–2134. And it recognized that this historical analysis "can be difficult" and requires courts to make "nuanced judgments about which evidence to consult and how to interpret it." *Id.* at 2134.

In light of *Bruen*, Defendant respectfully requests that this Court vacate the district court's judgment and remand this case to the district court for further proceedings consistent with the new standard.[1] Plaintiffs here challenge California's 105-year-old statute prohibiting the civilian possession of "any instrument or weapon of the kind commonly known as a billy," which applies to modern police batons. Cal. Penal Code § 22210.

---

[1] The parties have met and conferred about Defendants' request to vacate the district court's judgment and remand the case for further proceedings consistent with *Bruen*, and Plaintiffs have informed counsel that they oppose this request.

1

The district court determined that California's restrictions on billies were constitutional under this Court's prior two-step framework because, at the first step, they do not burden conduct protected by the Second Amendment as historically understood. ER-16–34. In particular, the district court upheld the law at the first step of that framework, concluding that the longstanding nature of California's statute (enacted in 1917) and numerous other state restrictions on the carrying and possession of billies dating back to 1866, ER-31, supported the constitutionality of California's law.

Although this history is certainly relevant to plaintiffs' claims, the Supreme Court in *Bruen* fundamentally altered the legal analysis for Second Amendment claims. The district court and the parties did not have the benefit of *Bruen* when developing the record below and in presenting argument to the district court and to this Court on appeal. Vacatur and remand would allow the parties to compile the kind of historical record that *Bruen* requires and allow the district court to answer a number of important questions about how *Bruen* should be applied to this case in the first instance. It would also accord with how this Court has handled other appeals involving Second Amendment claims that were pending when *Bruen* was decided. *See Rupp v. Bonta*, 9th Cir. No. 19-56004 (June 28, 2022) (9th Cir. Dkt. 71); *McDougall v. Cty. of Ventura*, 9th Cir. No. 20-56220 (June 29,

2022) (en banc) (9th Cir. Dkt. 55); *Martinez v. Villanueva*, 9th Cir. No. 20-56233 (July 6, 2022) (9th Cir. Dkt. 75); *Miller v. Bonta*, No. 21-55608 (Aug. 1, 2022) (9th Cir. Dkt. 27).

## PROCEDURAL HISTORY

In September 2019, Plaintiffs filed their complaint, raising facial and as-applied challenges to California Penal Code section 22210's restrictions on billies under the Second Amendment. D. Ct. Dkt. 1; ER-71–90 (Compl.). Plaintiffs sought to acquire and possess "the same type of baton/billy [that] policemen are usually issued and an expandable baton for self-defense," and they asserted a cause of action under the Second and Fourteenth Amendments and a cause of action for declaratory judgment. ER-80–81, 82–83 (Compl.) ¶¶ 47, 59, 76–85. Plaintiffs pray for an injunction of section 22210 "and any other relevant California law which bans the acquisition, possession, carrying or use of billies as applied to Plaintiffs and additionally against other similarly situated law abiding persons." ER-83 (Prayer for Relief).

The parties filed cross-motions for summary judgment. D. Ct. Dkts. 21, 22. Following briefing, in September 2021, the district court granted the Attorney General's motion and denied Plaintiffs' motion, holding that California Penal Code section 22210 does not violate the Second

3

Amendment. D. Ct. Dkt. 41; ER-8–36 (Order). The district court applied this Circuit's two-step framework for adjudicating Second Amendment claims and held that section 22210 is the type of longstanding regulation that must be "upheld without further inquiry" at step one of the framework. *Fouts v. Bonta*, 561 F. Supp. 3d 941, 947–958 (S.D. Cal. 2021) (citing *Young v. Hawaii*, 992 F.3d 765, 783 (9th Cir. 2021) (en banc), *vacated*, __ S. Ct. __, 2022 WL 2347578, at *1 (U.S. June 30, 2022)). The district court observed that section 22210 was enacted more than 100 years ago and that numerous other states enacted similar restrictions on billies at that time or earlier. *See Id.* at 954–958. Because section 22210 is consistent with a tradition of longstanding regulation, the district court concluded that "[u]nder Ninth Circuit precedent, that ends the matter": "once an arms regulation qualifies as longstanding, it is upheld without further inquiry." *Id.* at 945–946, 958 (citing *Young*, 992 F.3d at 783). Because the court concluded that section 22210 is constitutional at step one, it did not apply any level of heightened scrutiny to the statute at step two. *Id.* at 950. The district court entered judgment on September 22, 2021. D. Ct. Dkt. 42; ER-37.

Plaintiffs filed their notice of appeal on September 23, 2022. ER-3–5. Thereafter, Plaintiffs filed their opening brief on November 23, 2021, 9th

4

Cir. Dkt. 4; the Attorney General filed his answering brief on January 24, 2022, 9th Cir. Dkt. 15; and Plaintiffs filed their reply brief on February 9, 2022, 9th Cir. Dkt. 21. Approximately five months later, on June 23, 2022, the United States Supreme Court issued its decision in *Bruen*. *See* 142 S. Ct. 2111.

## ARGUMENT

### I. *Bruen* Altered the Legal Standard for Analyzing Second Amendment Claims

In *Bruen*, the Supreme Court addressed the constitutionality of New York's requirement that individuals show "proper cause" as a condition of securing a license to carry a firearm in public. *Id.* at 2123. Before turning to the merits, the Court announced a new methodology for analyzing Second Amendment claims. It recognized that lower courts had "coalesced around a 'two-step' framework for analyzing Second Amendment challenges that combines history with means-end scrutiny." *Id.* at 2125. At the first step of that approach, the government could "justify its regulation by establishing that the challenged law regulates activity falling outside the scope of the Second Amendment right as originally understood." *Id.* at 2126 (brackets and quotation marks omitted). If that inquiry showed that the regulation did not burden conduct protected by the Second Amendment, lower courts

5

would uphold the regulation without further analysis. *Id.* Otherwise, courts would proceed to the second step, which asked "how close[ly] the law c[ame] to the core of the Second Amendment right and the severity of the law's burden on the right," applying intermediate scrutiny unless the law severely burdened the "'core' Second Amendment right" of self-defense in the home, in which case strict scrutiny applied. *Id.*; *see also* Opening Br. at 24 (describing the two-step framework); *Jackson v. City & Cty. of San Francisco*, 746 F.3d 953, 960 (9th Cir. 2014) (same).

The Supreme Court in *Bruen* jettisoned the two-step approach. 142 S. Ct. at 2126. The Court explained that its earlier decisions in *District of Columbia v. Heller*, 554 U.S. 570 (2008), and *McDonald v. City of Chicago*, 561 U.S. 742 (2010), "do not support applying means-end scrutiny in the Second Amendment context." 142 S. Ct. at 2126–2127. It then announced a new standard for analyzing Second Amendment claims that is "centered on constitutional text and history." *Id.* at 2128–2129. Under this text-and-history approach,

> When the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct. The government must then justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation.

*Id.* at 2129–2130.

As a threshold matter, *Bruen* directs courts to assess whether the "Second Amendment's plain text covers an individual's conduct," *Bruen*, 142 S. Ct. at 2126—*i.e.*, whether the regulation at issue prevents any "people" from "keep[ing]" or "bear[ing]" "Arms" for lawful purposes, U.S. Const. amend. II. If so, the Constitution "presumptively protects that conduct." *Bruen*, 142 S. Ct. at 2126; *see also id.* at 2129–2130 ("When the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct."); *id.* at 2134 (examining whether the "plain text of the Second Amendment" protected the *Bruen* plaintiffs' course of conduct); *id.* at 2135 (similar). The burden then shifts to the government to justify its regulation by showing that the law is "consistent with this Nation's historical tradition of firearm regulation." 142 S. Ct. at 2126.

While the Court recognized that the historical analysis conducted at step-one of the two-part approach that lower courts had adopted for analyzing Second Amendment claims was "broadly consistent with *Heller*," 142 S. Ct. at 2127, it clarified how that analysis should proceed in important respects. In some cases, the Court explained, this historical inquiry will be "fairly straightforward," such as when a challenged law addresses a "general societal problem that has persisted since the 18th century." *Id.* at 2131. But

7

in others—particularly where the challenged laws address "unprecedented societal concerns or dramatic technological changes"—the Court recognized that this historical analysis requires a "more nuanced approach." *Id.* at 2132. To justify regulations of that sort, *Bruen* held that governments are not required to identify a "historical *twin*," and need only identify a "well-established and representative historical *analogue*." 142 S. Ct. at 2133.

In evaluating whether a "historical regulation is a proper analogue for a distinctly modern firearm regulation," *Bruen* directs courts to determine whether the two regulations are "'relevantly similar.'" *Id.* The Court identified "two metrics" by which regulations must be "relevantly similar under the Second Amendment": "how and why the regulations burden a law-abiding citizen's right to armed self-defense." *Id.* at 2133. The Court explained that those dimensions are especially important because "'individual self-defense is "the *central component*" of the Second Amendment right.'" *Id.* (quoting *McDonald*, 561 U.S. at 767, *and Heller*, 554 U.S. at 599).[2] Thus, after *Bruen*, a regulation that restricts conduct protected by the plain text of the Second Amendment is constitutional if it

---

[2] *See also Heller*, 554 U.S. at 628 ("[T]he inherent right of self-defense has been central to the Second Amendment right.").

8

"impose[s] a comparable burden on the right of armed self-defense" as its historical predecessors, and the modern and historical laws are "comparably justified." *Id.*

## II. THE COURT SHOULD VACATE THE JUDGMENT AND REMAND THE CASE TO THE DISTRICT COURT TO APPLY *BRUEN* IN THE FIRST INSTANCE

In light of the new text-and-history standard for adjudicating Second Amendment claims, this Court should vacate the district court's judgment and remand the case for further proceedings consistent with *Bruen*. In the proceedings below, the parties developed a record based on the prior two-step framework, including the designation of expert witnesses to provide testimony on modern police batons, and their arguments focused on the constitutionality of California's billy restrictions under that standard.[3] The district court resolved this case under the two-step framework, relying chiefly on this Court's now-vacated opinion in *Young v. Hawaii*, 992 F.3d 765. *See Fouts v. Bonta*, 561 F. Supp. 3d 941, 947–958 (S.D. Cal. 2021).

---

[3] *See* Pls.' Mem. of P. & A. in Supp. of Pls.' Mot. for Summ. J. (D. Ct. Dkt. 21-1) at 2–25; Def.'s Mem. of P. & A. in Supp. of Mot. for Summ. J. (D. Ct. Dkt. 22-1) at 6–19; Pls.' Mem. of P. & A. in Opp'n to Def.'s Mot. for Summ. J. (D. Ct. Dkt. 24) at 1–20; Def.'s Opp'n to Pls.' Mot. for Summ. J. (D. Ct. Dkt. 25) at 2–17; Def.'s Reply in Further Supp. of Def.'s Mot. for Summ. J. (D. Ct. Dkt. 26) at 1–10; Pls.' Reply to Def.'s Opp'n to Pls.' Mot. for Summ. J. (D. Ct. Dkt. 27) at 2–10.

And the parties focused on the two-step framework in briefing this appeal. *See* Opening Br. at 10–53; Answering Br. at 24–59; Reply Br. at 8–26. Vacatur and remand would serve the interests of both parties, allowing them a full and fair opportunity to address the new standard—including its new emphasis on historical analogues—and would allow the district court in the first instance to address several important questions about how *Bruen* applies.

To be sure, in reaching its conclusion the district court reviewed some of the history relevant to plaintiffs' challenge. In particular, the Court held that California's billy restrictions were longstanding because California has prohibited billy possession for over 100 years and other jurisdictions regulated billies from 1866 through the early 20th century. *Fouts*, 561 F. Supp. 3d at 949–958. And on appeal, the Attorney General cited additional, analogous laws prohibiting other weapons dating back to the founding and even earlier, including restrictions on the possession of Bowie knives and trap guns. *See* Answering Br. at 21, 32–33.

If this Court remands this case to the district court, much of this history will be relevant to the district court's consideration of the issues presented here. But *Bruen* clarified how the historical inquiry differs from the one used by courts before that decision was issued in important respects. For

10

example, *Bruen* directs that a government can justify a regulation if it imposes a "comparable burden on that right of armed self-defense" as the relevant historical analogue and is "comparably justified." 142 S. Ct. at 2133. Neither the parties nor the district court employed that sort of reasoning in their analyses. In addition, the Attorney General's historical arguments and the district court's analysis were consistent with guidance from this Court that laws from the early 20th century could be considered "longstanding" and therefore presumptively constitutional under *Heller*. *See, e.g.*, *Silvester v. Harris*, 843 F.3d 816, 831 (9th Cir. 2016) (Thomas, C.J., concurring) (concluding that a law that dated to 1923 was a longstanding regulation). But *Bruen* has since suggested that the focus should be on gun regulations predating the 20th century. *See* 142 S. Ct. at 2137.

*Bruen* also left open other issues that are best resolved by the district court in the first instance. Among other things, the Court did not decide "whether courts should primarily rely on the prevailing understanding of an individual right when the Fourteenth Amendment was ratified in 1868 when defining its scope" or look to the "public understanding of the right to keep and bear arms" when the Second Amendment was ratified in 1791. *Id.* at 2138. More broadly, the Court "d[id] not resolve" the "manner and

circumstances in which postratification practice may bear on the original meaning of the Constitution." *Id.* at 2162-2163 (Barrett, J., concurring).

In resolving these and other historical questions, the district court (and, later, this Court) will be guided by "various evidentiary principles and default rules," including "the principle of party presentation." *Id.* at 2130 n.6. And as *Bruen* recognizes, this analysis "can be difficult," and sometimes requires judges to "resolv[e] threshold questions" and "mak[e] nuanced judgments about which evidence to consult and how to interpret it." *Id.* at 2130 (quoting *McDonald*, 561 U.S. at 803–804 (Scalia, J., concurring)).[4] The district court should be given the opportunity to answer these questions in the first instance.

Finally, vacating the district court's judgment and remanding for further proceedings in light of *Bruen* would accord with what this Court has done in numerous other appeals raising Second Amendment claims that were pending when *Bruen* was decided. *See Rupp v. Bonta*, 9th Cir. No. 19-

---

[4] *See also Bruen*, 142 S. Ct. at 2134 ("[W]e acknowledge that 'applying constitutional principles to novel modern conditions can be difficult and leave close questions at the margins.'" (quoting *Heller v. District of Columbia*, 670 U.S. 1244, 1275 (D.C. Cir. 2011) (Kavanaugh, J., dissenting))).

56004 (June 28, 2022) (9th Cir. Dkt. 71); *McDougall v. Cty. of Ventura*, 9th Cir. No. 20-56220 (June 29, 2022) (en banc) (9th Cir. Dkt. 55); *Martinez v. Villanueva*, 9th Cir. No. 20-56233 (July 6, 2022) (9th Cir. Dkt. 75); *Miller v. Bonta*, No. 21-55608 (Aug. 1, 2022) (9th Cir. Dkt. 27).[5] Vacatur and remand would also accord with this Court's general approach to addressing intervening Supreme Court decisions. *See, e.g.*, *Ali v. Gonzales*, 421 F.3d 795, 796-797 (9th Cir. 2005) (three-judge panel order withdrawing its opinion in light of Supreme Court decision issued after panel decision).

## CONCLUSION

The Court should vacate the district court's judgment and remand this case for further proceedings in light of *Bruen*.

---

[5] *See also Oakland Tactical Supply, LLC v. Howell Twp.*, No. 21-1244, 2022 WL 3137711, at *2 (6th Cir. Aug. 5, 2022) (vacating district court judgment and remanding to decide whether the plaintiff's "proposed course of conduct is covered by the plain text of the Second Amendment" and, if so, whether the regulation is "consistent with the nation's historical tradition of firearm regulation"); *Sibley v. Watches*, No. 21-1986-cv, 2022 WL 2824268, at *1 (2d Cir. July 20, 2022) (vacating judgment and remanding to the district court to "consider in the first instance the impact, if any, of *Bruen*" on challenge to "good moral character" requirement for concealed carry licenses); *Taveras v. New York City*, No. 21-398, 2022 WL 2678719, at *1 (2d Cir. July 12, 2022) (vacating and remanding because "neither the district court nor the parties' briefs anticipated and addressed [*Bruen*'s] *new legal standard*" (emphasis added)).

Dated: August 10, 2022        Respectfully submitted,

ROB BONTA
Attorney General of California
THOMAS S. PATTERSON
Senior Assistant Attorney General
P. PATTY LI
Supervising Deputy Attorney General

s/ John D. Echeverria

JOHN D. ECHEVERRIA
Deputy Attorney General
*Attorneys for Defendant-Appellee Rob Bonta, in his official capacity as Attorney General of the State of California*

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing Motion to Vacate and Remand for Further Proceedings complies with the type-volume limitation of Ninth Circuit Rules 27-1 and 32-3 because it contains 2,905 words. This document complies with the typeface and the type style requirements of Federal Rule of Appellate Procedure 27 because it has been prepared in a proportionally spaced typeface using 14-point font.

Dated:  August 10, 2022              s/ John D. Echeverria

# CERTIFICATE OF SERVICE

Case Name:  *Russell Fouts, et al. v. Rob Bonta*     Case No.   21-56039

I hereby certify that on August 10, 2022, I electronically filed the following document with the Clerk of the Court by using the CM/ECF system:

**MOTION TO VACATE AND REMAND FOR FURTHER PROCEEDINGS**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct.

Executed on August 10, 2022, at San Francisco, California.

| Vanessa Jordan | s/ Vanessa Jordan |
|---|---|
| Declarant | Signature |