## IN THE UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

RUSSELL FOUTS, et al.,
  Plaintiffs-Appellants,

v.

ROB BONTA, in his official capacity as
Attorney General of the State of California.,
  Defendant-Appellee,

No. 21-56039

## PLAINTIFFS-APPELLANTS' RESPONSE IN OPPOSITION TO DEFENDANT-APPELLEE'S MOTION TO VACATE AND REMAND FOR FURTHER PROCEEDINGS

Plaintiffs-Appellants Russell Fouts and Tan Tolentino ("Plaintiffs") file their opposition to Defendant-Appellee's Rob Bonta's ("California") motion to remand. The trial court erred as a matter of law. The trial court held that California's ban on billy clubs, which was enacted in 1917, is a longstanding law and thus, presumptively constitutional. That is a pure question of law that this Court can and should rule on without the need for remand. As briefed, even prior to the Supreme Court's decision in *New York State Rifle & Pistol Ass'n v. Bruen*, 142 S. Ct. 2111 (2022), this Court's precedent dictated that early 20th Century laws such as the one at issue in this litigation are not longstanding. However, the trial court still erroneously found that the laws at issue here are longstanding. Now, even, post-*Bruen*, California takes the position that this purely legal issue is ambiguous.

## <u>This Court Does Not Require Further History to Decide the Pure Legal Issue the Trial Court Erred On</u>

In *Bruen*, the Supreme Court streamlined the existing process for evaluating Second Amendment claims. It eliminated the second step of the two-step analysis that this and other circuit courts had used to evaluate Second Amendment claims. "Step one of the predominant framework is broadly consistent with *Heller*, which demands a test rooted in the Second Amendment's text, as informed by history." *N.Y. State Rifle & Pistol Ass'n v. Bruen*, 142 S. Ct. 2111, 2127 (2022). Here, the trial court did not reach the second step of the former test. "[T]he Attorney General argues that a billy is beyond Second Amendment protection for two reasons. First, the 104-year old statute qualifies as a 'longstanding' prohibition. Second, a billy is a dangerous and unusual weapon. <u>This Court agrees that Cal. Penal Code § 22210 is a longstanding regulation. Under Ninth Circuit precedent, that ends the matter</u>." *Fouts v. Bonta*, 561 F. Supp. 3d 941, 945-46 (S.D. Cal. 2021) (emphasis added). As *Bruen* removed the second step of the analysis, under the trial court's reasoning, the result will be the same if this case is remanded and the trial court applies the same longstanding Circuit precedent. That will inevitably result in another appeal to this court. It promotes judicial economy for this Court to deny California's motion.

Prolonging this case with a remand is neither necessary nor appropriate because "the matter of what questions may be taken up and resolved for the first time on appeal is one left primarily to the discretion of the courts of appeals, to be exercised on the

facts of individual cases." *Cnty. Bd. of Arlington Cnty., Virginia v. Express Scripts Pharmacy, Inc.*, 996 F.3d 243, 254 (4th Cir. 2021) (quoting *Singleton v. Wulff*, 428 U.S. 106, 120 (1976)); *see also U.S. v. Kin-Hong*, 110 F.3d 103, 116 (1st Cir. 1997) (recognizing an appellate court's "discretion to address issues not reached by the district court when the question is essentially legal and the record is complete" (citation omitted)). Remand is disfavored when "[t]he issues have been fully briefed" and when deciding the issues may avoid "the possibility of another appeal." *See id.*

The analysis required by the Supreme Court is a legal inquiry that examines legal history, which is appropriately presented in the briefs. *See Bruen*, 142 S. Ct. at 2130 n.6 (noting that the historical inquiry presents "*legal* questions" that judges are capable of addressing) (emphasis in original); *see also id.* at 2135 n.8 (rejecting the dissent's suggestion that further fact-finding was needed and holding that its ruling did not "depend on any of the factual issues raised by the dissent"). This Court may enter judgment for Plaintiffs because the relevant evidence (or the absence thereof) consists of legislative facts that are subject to judicial notice in this appeal and may be submitted in the State's brief. *See Clatterbuck v. City of Charlottesville*, 708 F.3d 549, 558 (4th Cir. 2013) ("[O]rdinance[s] [themselves] and [their] legislative history [a]re legislative facts.") (citation omitted); *United States v. Gavegnano*, 305 F. App'x 954, 956 (4th Cir. 2009) (courts "may take judicial notice of legislative facts"). A remand will lead only to another appeal that will be reviewed de novo on the same evidence the parties will have presented in this appeal, further counseling against remand. *See, e.g., Morel v. Sabine*

*Towing & Transp. Co., Inc.*, 669 F.2d 345, 346 (5th Cir. 1982) ("The question presented is a matter of law and a remand solely for its consideration is neither in the interest of justice nor judicial economy."); *see also Boyes v. Shell Oil Prods. Co.*, 199 F.3d 1260, 1266 n.13 (11th Cir. 2000) (choosing not to remand because the issue would be decided de novo on appeal and stating that a remand would only delay resolution of the case).

California argues that a remand is required to present more history, but the history of batons has been extensively covered in the briefing. Importantly, California does not identify what history it was unable to cover on appeal that it would like to present on remand. And as referenced in California's Motion, it already briefed "restrictions on the possession of Bowie knives and trap guns." Motion at 10. *See also* California's Motion for Judicial Notice, Dkt. 17 (consisting of 11 exhibits of various laws, including Bowie knives and "setting of traps"). Even if there is additional history or argument that needs to be presented, that can be presented to this Court via supplemental briefing which this Court should order. However, the dispositive issue in the trial court and on appeal is not history and is instead a purely legal question; i.e., whether California's ban on billies is longstanding.

### California Believes *Bruen* Has Not Decided The Longstanding Issue

The trial court found that California's baton ban, which began in 1917, was longstanding solely because of its age. That finding is a legal finding that this Court should correct as *Bruen* overturned an even older law in New York and being a "longstanding" law did not insulate New York's law from constitutional scrutiny. *See*

4

Opening Br. at fn.4, page 10. California states in its Motion that "*Bruen* has since **_suggested_** that the focus should be on gun regulations predating the 20th century". Motion at 11 (emphasis added). This position does not come close to foreclosing an argument from California that even post-*Bruen*, California's baton ban is longstanding.

Even when intervening law could impact the outcome of litigation, this Court often does not remand. "[W]e have discretion to determine 'what questions may be taken up and resolved for the first time on appeal.' *Singleton v. Wulff*, 428 U.S. 106, 121, 96 S. Ct. 2868, 49 L. Ed. 2d 826 (1976). We typically feel most comfortable resolving such an issue when it has nonetheless been 'extensively litigated in the district court' or 'where the proper resolution is beyond any doubt.' *Beck v. City of Upland*, 527 F.3d 853, 867 (9th Cir. 2008) (quoting *Golden Gate Hotel Ass'n v. City & Cty. of San Francisco*, 18 F.3d 1482, 1487 (9th Cir. 1994))." *Peruta v. Cty. of San Diego*, 824 F.3d 919, 959-60 (9th Cir. 2016) (en banc) (J., N.R. Smith, dissenting). Here, the issue of whether the laws at issue in this litigation are longstanding was extensively litigated in the trial court. *See* Pls.' Mem. of P. & A. in Supp. of Pls.' Mot. for Summ. J. (D. Ct. Dkt. 21-1) at 12–17; Pls.' Mem. of P. & A. in Opp'n to Def.'s Mot. for Summ. J. (D. Ct. Dkt. 24) at 5–9; Pls.' Reply to Def.'s Opp'n to Pls.' Mot. for Summ. J. (D. Ct. Dkt. 27) at 3–5. It was also extensively briefed on appeal. *See* Appellants Opening Brief at 10-21.

These principles have been applied in Second Amendment cases in the past. In *Peruta v. Cty. of San Diego*, 824 F.3d 919 (9th Cir. 2016) (en banc), "[d]uring the pendency of the appeal, California's underlying statutory scheme changed. At the time the district

courts issued their decisions, California permitted unloaded open carry. However, under the current scheme, open carry (loaded and unloaded) is prohibited. *See* Dissent 68-69. Further, as noted by the dissent, the district courts did not have the benefit of our recent decisions in *Jackson*, 746 F.3d 953 and *United States v. Chovan*, 735 F.3d 1127 (9th Cir. 2013)." *Id.* at 959. (punctuation omitted). Despite this change in law, this Court did not remand *Peruta* to the trial court and instead ruled on the merits. This is likely because, as here, the issue was a matter of law.

Rather than remand this matter to the trial court, this Court should order supplemental briefing. California cites to several appeals that this Court remanded due to *Bruen*, but those cases are distinguishable. California relies on *Martinez v. Villanueva*, No. 20-56233, 2022 WL 2452308 (9th Cir. July 6, 2022), for the proposition that remand is proper, but in that case, there was an *unopposed* motion to remand. The other cases listed are also distinguishable. Two dealt with fact-specific litigation on modern weapons; i.e., so-called "assault weapons." *See Rupp v. Bonta*, 9th Cir. No. 19-56004 (June 28, 2022) (9th Cir. Dkt. 71) and *Miller v. Bonta*, No. 21-55608 (Aug. 1, 2022) (9th Cir. Dkt. 27). The other appeal cited to, *McDougall v. Cty. of Ventura*, 9th Cir. No. 20-56220 (June 29, 2022) (en banc) (9th Cir. Dkt. 55), deals with the shutdown of gun stores during the COVID pandemic.

Both of those issues are "novel modern conditions" which may in fact require experts and fact development in the trial court. *See Bruen*, 142 S. Ct. at 2134 (quoting *Heller v. District of Columbia*, 670 U.S. 1244, 1275 (D.C. Cir. 2011) (Kavanaugh, J.,

dissenting))). Here, Plaintiffs were dismissed on a purely legal issue; i.e., whether California law is longstanding under this Circuit's precedent. That is a matter that can and should be decided by this Court without the need for remand. Rather than grant California's motion, this Court should order supplemental briefing on this issue.

This is the course of action this Court has taken in three other post-*Bruen* Second Amendment appeals where the government lost in the trial court. In *Kim Rhode v. Bonta,* No. 20-55437, this Court recently directed "the parties … to file supplemental briefing in light of the Supreme Court's decision in [*Bruen*]." *Kim Rhode v. Bonta*, No. 20-55437, 2022 U.S. App. LEXIS 17486, at *1 (9th Cir. June 24, 2022). *See also Charles Nichols v. Gavin Newsom*, No. 14-55873 July 11, 2022, (9th Cir. Dkt. 128) at *1. (The parties are directed to file supplemental briefs addressing the impact of the Supreme Court's decision in [*Bruen*] on this case."). And in *Duncan v. Bonta*, No. 19-55376, ECF No. 202 (9th Cir. August 2, 2022), a case that challenges California's ban on magazines capable of holding more than 10 rounds, the Ninth Circuit directed the parties to file supplemental briefs addressing the proper resolution. *Id.* This Court should do the same here.

//

//

//

//

## **Conclusion**

Defendant's motion should be denied and this Court should instead order supplemental briefing.

Respectfully submitted, this the <u>12th</u> day of August, 2022.

<div style="display:flex;">

*/s/ Stephen D. Stamboulieh*
Stephen D. Stamboulieh
Stamboulieh Law, PLLC
P.O. Box 428
Olive Branch, MS 38654
(601) 852-3440
stephen@sdslaw.us
MS Bar No. 102784

Alan Alexander Beck
Law Office of Alan Beck
2692 Harcourt Drive
San Diego, CA 92123
(619) 905-9105
Hawaii Bar No. 9145
Alan.alexander.beck@gmail.com

</div>

**CERTIFICATE OF COMPLIANCE**

I hereby certify that the foregoing complies with the type-volume, typeface, and type-style requirements of Federal Rule of Appellate Procedure 27 because it contains 1,850 words and was prepared using Microsoft Word 365 in Garamond 14-point font, a proportionally spaced typeface.

*/s/ Stephen D. Stamboulieh*
Stephen D. Stamboulieh

## CERTIFICATE OF SERVICE

I hereby certify that on August 12, 2022, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system. I also hereby certify that the participants in the case are registered CM/ECF users, and service will be accomplished by the appellate CM/ECF system.

*/s/ Stephen D. Stamboulieh*
Stephen D. Stamboulieh